


ENTERED
06/30/2015

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE | ) | |
| DEVON WILMINGTON and ALBERT REFF, | ) | CASE NO. 15-31207-H3-13 |
| Debtors | ) | |

MEMORANDUM OPINION

The court has held an evidentiary hearing on the "Motion of Bay Area Utilities, LLC's for Relief from the Stay" (Docket No. 17). The following are the Findings of Fact and Conclusions of Law of the court. A separate Judgment will be entered granting the motion. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

Findings of Fact

On March 5, 2015, Devon Wilmington and Albert Reff ("Debtors") filed a joint voluntary petition under Chapter 13 of the Bankruptcy Code.

Prior to the date of filing of the petition in the instant case, Bay Area Utilities, LLC ("Movant") filed suit against Debtors to evict them from the real property located at 12951 Iris Garden Lane, Houston Texas (hereinafter "the Property"). Judgment was rendered on or about December 3, 2014

in favor of Movant in Harris County Justice Court 3-2 and Debtors appealed to the Harris County Court. Currently, the suit for forcible detainer is pending in County Court At Law No. 3, Harris County, Texas under No. 1057183 and entitled "Bay Area Utilities, LLC v. Devon Wilmington and All Occupants." Movant seeks to have the automatic stay lifted to allow it to continue the forcible detainer action.

In February 2009, Debtor, Devon Wilmington, purchased the Property, as a single person[1], and executed a promissory note and Deed of Trust in favor of Ryland Mortgage. Movant's Exhibit No. 2; Testimony of Debtor, Devon Wilmington. Thereafter, Nationstar Mortgage LLC ("Nationstar") became the mortgage servicer and noteholder and on May 30, 2014, Nationstar filed an Appointment of Substitute Trustee. Movant's Exhibit No. 3. The Property was foreclosed upon, Nationstar was the highest bidder, and the Substitute Trustee conveyed the Property to Nationstar. Movant's Exhibit No. 1. Movant purchased the Property by warranty deed from Nationstar on July 31, 2014 and the warranty deed was recorded on August 25, 2014. Movant's Exhibit No. 4; Testimony of Charles Simmons, Manager of Movant. Movant gave written notice to vacate and demand for possession to Debtors on October 2, 2014 by regular mail and certified mail,

---

[1] Devon Wilmington testified that she and Albert Reff were married on June 16, 2012.

return receipt requested. Movant's Exhibit No. 5; Joseph Montalbano, Movant's counsel in the state court eviction proceedings. Debtors refused to vacate the premises and Movant sought to evict the Debtors from the Property. Testimony of Charles Simmons and Joseph Montalbano.

Debtors oppose lifting the stay and contend that the foreclosure was wrongful and that the resulting sale to Movant was void. Debtors claim that Movant does not have the proper standing to bring this action.

Prior to the pending forcible detainer action, Movant filed two other forcible detainer suits in Harris County Justice Court 3-1. Debtors alleged there were irregularities with the foreclosure sale and these two cases were ultimately dismissed by the Justice Court on August 19, 2014 and September 30, 2014. On October 7, 2014, Debtor, Devon Wilmington, filed Cause No. 2014-58373, 333rd Judicial District Court, Harris County, Texas, purportedly challenging the foreclosure sale. On February 20, 2015, the 333rd Judicial District Court entered a Final Order and dismissed the Debtor's case for want of prosecution. Movant's Exhibit Nos. 6 and 7; Testimony of Charles Simmons and Joseph Montalbano.

Devon Wilmington testified that she and her husband were current on their mortgage payments until Nationstar became the servicer. She testified that the last payment made on the

note was March 2014. There is no evidence that Debtors made an offer of adequate protection, and there is no evidence that they have any ability to provide adequate protection of Movant's interest in the property.

In the instant case, Debtors' argument goes not to the question of whether the stay should be lifted or remain in effect, but rather to the merits of the eviction proceeding Movant intends to pursue. The state courts are fully empowered and competent to address proceedings for forcible detainer and eviction as well as any challenges to a foreclosure alleged to have been wrongful. The issues to be addressed are issues of state law. The court has determined that there is cause to lift the stay, to permit Movant and Debtors to present their respective evidence and arguments with respect to the merits of the underlying dispute to a court of competent jurisdiction in which a suit is already pending.

Conclusions of Law

Section 362(d) of the Bankruptcy Code provides in pertinent part:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay--
>
> > (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;

> (2) with respect to a stay of an act against property under subsection (a) of this section, if–
>
> > (A) the debtor does not have an equity in such property; and
> >
> > (B) such property is not necessary to an effective reorganization;

11 U.S.C. §§ 362(d)(1), 362(d)(2).

Section 362(g) of the Bankruptcy Code provides:

> (g) In any hearing under subsection (d) or (e) of this section concerning relief from the stay of any act under subsection (a) of this section--
>
> > (1) the party requesting such relief has the burden of proof on the issue of the debtor's equity in property; and
> >
> > (2) the party opposing such relief has the burden of proof on all other issues.

11 U.S.C. § 362(g).

Cause is not defined in the Bankruptcy Code, and must be determined on a case by case basis based on an examination of the totality of circumstances. In re Reitnauer, 152 F.3d 341, 343 n. 4 (5th Cir. 1998); In re Mendoza, 111 F.3d 1264 (5th Cir. 1997).

The purpose of a stay hearing is not to litigate the underlying merits of the parties’ claims. While a section 362 hearing permits some examination of the issues, it is not the proper time to consider extensive litigation on counterclaims. *See* 3 Collier’s on Bankruptcy ¶ 362.08[6] (Alan N. Resnick & Henry J. Sommer eds., 16th ed.) and cases cited therein. The

claims raised by Debtor as to the validity of the foreclosure sale are outside the scope of a hearing to determine whether to lift the automatic stay. The court concludes that Debtors have not met their burden of proof in opposing relief from stay.

Based on the foregoing, a separate Judgment will be entered granting the "Motion of Bay Area Utilities, LLC's for Relief from the Stay" (Docket No. 17).

Signed at Houston, Texas on June 30, 2015.

LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE